UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
————————————————————————X

HUNTER ROBERTS CONSTRUCTION GROUP, LLC

      Plaintiff,

-against-

PEERLESS INSURANCE COMPANY,

      Defendant.
————————————————————————X

Docket No.:

**COMPLAINT FOR DECLARATORY JUDGMENT**

**JURY TRIAL DEMANDED**

Plaintiff HUNTER ROBERTS CONSTRUCTION GROUP, LLC ("HUNTER ROBERTS"), by and through its attorneys WHITE FLEISCHNER & FINO, LLP, alleges the following:

## PARTIES

1. Plaintiff HUNTER ROBERTS is a Limited Liability Company organized under the laws of Delaware, with its principal place of business located at 55 Water Street, New York, New York 10041. HUNTER ROBERTS is authorized to, and does transact business in New York.

2. The sole member of HUNTER ROBERTS is HR Holdings, LLC, a limited liability company domiciled and headquartered in Oklahoma.

3. None of the members of HR Holdings, LLC, are citizens of New Hampshire or Massachusetts.

4. Based on information and belief, Defendant PEERLESS INSURANCE COMPANY ("PEERLESS") is an insurance company organized under the laws of the State of

New Hampshire, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts, 02116. PEERLESS is authorized to, and does transact business in New York.

## JURISDICTION AND VENUE

5. The amount in controversy exceeds the sum or value of Seventy Five Thousand ($75,000) Dollars exclusive of interest and costs, and this is an action between citizens of different States. Thus, diversity jurisdiction is proper pursuant to 28 U.S.C. §1332.

6. Venue is proper under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

7. This is a case or controversy involving a policy issued in this judicial district sufficient to permit a declaratory judgment under 28 U.S.C. § 2201.

## FACTS COMMON TO ALL COUNTS

### Nature of the Action

8. This action for declaratory judgment and ancillary relief arises from a lawsuit filed on October 26, 2010 in the Supreme Court of the State of New York, New York County, entitled, *Alvin Bisso and Marlies Bisso v. RH Atlantic-Pacific LLC and Hunter Roberts,* Index No. 114042/10 (the "Bisso Action" or "Bisso Complaint"). Mr. Bisso seeks monetary damages for injuries he alleges to have sustained on March 8, 2010, at a construction site at 1485 Pacific Street, Brooklyn, New York. A copy of the Bisso Complaint is attached hereto as **Exhibit 1**.

9. HUNTER ROBERTS in turn commenced a third-party action against Bisso's employer, Coastal Electrical Contracting Corp. ("Coastal"), seeking contribution and contractual indemnity for any liability that may be attributed to it in the Bisso Action. A copy of the Third-Party Complaint is attached hereto as **Exhibit 2**.

**Relevant Construction Contracts**

10. Before Bisso's alleged accident, HUNTER ROBERTS entered into a primary construction contract with the RH Atlantic-Pacific LLC (the "Owner"), the owner of the construction project, for which HUNTER ROBERTS was to perform construction management services.

11. Before Bisso's alleged accident, HUNTER ROBERTS entered into a subcontract with Coastal to perform certain work at the construction site.

12. Coastal agreed to defend, indemnify and hold HUNTER ROBERTS harmless for liability arising out of its work under the subcontract.

13. Coastal also agreed to procure liability insurance naming HUNTER ROBERTS as an additional insured.

**Zurich Policy**

14. HUNTER ROBERTS procured liability insurance from ZURICH, bearing No. GLO 9387802-00, for the period June 24, 2008 to February 11, 2011, with liability limits of $2 Million per occurrence and $4 Million in the aggregate. Under this Policy, Zurich has been providing a defense to HUNTER ROBERTS in the Bisso Action.

**Peerless Policy**

15. PEERLESS issued Policy No. CBP8180264 (the "Peerless Policy") to Coastal for the period September 7, 2009 through September 7, 2010, with liability limits of $1 Million per occurrence. The Peerless Policy provides, among other things, coverage for damages in connection with bodily injury for which the insureds are liable to pay.

16. The Peerless Policy also provides coverage to Coastal for its obligations for contractual indemnity incurred under an "insured contract."

17. The Peerless Policy contains an Additional Insured Endorsement extending coverage to HUNTER ROBERTS and the Owner with respect to liability caused in whole or in part by Coastal's acts or omissions.

**Tenders to Peerless**

18. Based on information and belief, Zurich first provided notice to Coastal and Coastal's broker in November 2010.

19. By letter dated January 26, 2011, Zurich demanded on behalf of both HUNTER ROBERTS and the Owner that PEERLESS defend them in the Bisso Action.

20. By letters dated in February and March 2011, PEERLESS accepted tender of HUNTER ROBERTS and the Owner with reservation of rights, none of which included a reservation of rights to deny coverage based upon the Peerless Policy "wrap-up" exclusion.

21. Upon information and belief, PEERLESS took over the defense of the Owner in the Bisso Action.

22. Unlike the Owner, however, PEERLESS never took over the defense of HUNTER ROBERTS, and neither did it ever reimburse for fees or costs incurred in the defense of HUNTER ROBERTS.

23. PEERLESS has never provided any explanation to HUNTER ROBERTS or Zurich as to why it decided to take over the Owner's defense, but not HUNTER ROBERTS' defense, whereby HUNTER ROBERTS now asserts the following claims and requests for relief against PEERLESS.

## COUNT I
### (Declaratory Judgment for Additional Insured Coverage)

24. HUNTER ROBERTS re-alleges each and every allegation in the foregoing paragraphs, with the same force and effect as if fully set forth herein.

4

25. HUNTER ROBERTS is an additional insured on the Peerless Policy.

26. The Bisso Complaint alleges that Coastal employed the injured worker.

27. The allegations of the Bisso Complaint against HUNTER ROBERTS were caused in whole or in part by Coastal's acts or omissions.

28. In accordance with the pertinent additional insured endorsement of the Peerless Policy, PEERLESS is obligated to provide additional insured coverage to HUNTER ROBERTS for the Bisso Action.

29. Accordingly, HUNTER ROBERTS is entitled to a declaration that PEERLESS is obligated to defend and indemnify HUNTER ROBERTS against the Bisso Action.

30. HUNTER ROBERTS has no adequate remedy at law.

## COUNT II
**(Declaratory Judgment for Defense and Indemnity under an "Insured Contract")**

31. HUNTER ROBERTS re-alleges each and every allegation in the foregoing paragraphs, with the same force and effect as if fully set forth herein.

32. Coastal procured the Peerless Policy for the intended benefit of itself, HUNTER ROBERTS, and others.

33. The Peerless Policy covers Coastal for the contractual defense and indemnity it owes HUNTER ROBERTS in the Bisso Action under an "insured contract".

34. PEERLESS has wrongfully declined, or else has neglected to follow up on its acceptance of defense of HUNTER ROBERTS in the Bisso Action.

35. In the event HUNTER ROBERTS obtains judgment, in part or whole, over and against Coastal for the claims alleged in the Bisso Action, PEERLESS will be obligated to indemnify Coastal for such judgment, together with fees, costs, disbursements and interest in connection with defending the Bisso Action.

36. By reason of the foregoing, HUNTER ROBERTS is entitled to a judicial determination and declaration that PEERLESS is obligated to indemnify Coastal for any judgment over obtained by HUNTER ROBERTS, together with fees, costs, disbursements and interest paid.

37. HUNTER ROBERTS has no remedy at law.

## COUNT III
### (Equitable Bars to Disclaimer under NY Insurance Law §3420(d) and the Common Law)

38. HUNTER ROBERTS re-alleges each and every allegation in the foregoing paragraphs, with the same force and effect as if fully set forth herein.

39. PEERLESS has waived, or is otherwise equitably barred, from disclaiming coverage based upon any conditions or exclusions of coverage not raised in a timely manner pursuant to New York Insurance Law § 3420(d) and the common law.

40. By reason of the foregoing, HUNTER ROBERTS is entitled to a judicial determination and declaration that HUNTER ROBERTS is entitled to additional insured coverage under the Peerless Policy.

41. HUNTER ROBERTS has no remedy at law.

## COUNT IV
### (Compensation for Litigation Expenses)

42. HUNTER ROBERTS re-alleges each and every allegation in the foregoing paragraphs, with the same force and effect as if fully set forth herein.

43. The Peerless Policy issued to Coastal affords additional insured coverage to HUNTER ROBERTS.

44. PEERLESS' failure to provide defense and indemnity to HUNTER ROBERTS on a primary and non-contributory basis for the Bisso Action is in violation of the terms of the Peerless Policy.

45. As a direct and proximate result of PEERLESS' failure to provide a defense in violation of its contractual obligations, HUNTER ROBERTS, and/or its insurer, Zurich, acting on HUNTER ROBERTS' behalf, has incurred considerable costs.

46. By reason of the foregoing, HUNTER ROBERTS is entitled to monetary judgment compensating it for a sum equal to the amount HUNTER ROBERTS has incurred, and/or for a sum equal to the amount its insurer, Zurich, has incurred on its behalf, and will incur, in defending the Bisso Action, plus statutory interest.

WHEREFORE, Plaintiff HUNTER ROBERTS seeks the following relief against PEERLESS:

    i.      On Count I, a declaration and judgment that PEERLESS has an obligation to provide defense and indemnity to HUNTER ROBERTS for the Bisso Action, on a primary and non-contributory basis.

    ii.      On Count II, a declaration that PEERLESS is obligated to defend and indemnify HUNTER ROBERTS for any judgment over obtained against Coastal in the Bisso Action;

    iii.      On Count III, a declaration that PEERLESS is barred from disclaiming coverage based on any conditions or exclusions of coverage that were not raised in a timely manner in accordance with New York Insurance Law §3420(d) and the common law;

    iv.      On Count IV, compensating HUNTER ROBERTS, or its insurer for acting on its behalf, for a sum equal to the amount it has incurred and will incur in defending and indemnifying the Bisso Action, plus statutory interest; and

v.         Such other relief as the Court deems just and equitable, including without limitation, all costs, fees, plus pre and post-judgment interest.

Dated: New York, New York
       April 19, 2016

                                    Respectfully Submitted,

                                    WHITE FLEISCHNER & FINO, LLP


                                    _____
                                    Janet P. Ford
                                    Jennifer F. Mindlin

*Counsel for Plaintiff*
*Hunter Roberts Construction Group, LLC*
61 Broadway, 18th Floor
New York, NY 10006
T: (212) 487-9700
jford@wff-law.com
Our File No.: 210-19236

8